

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**BARBARA JEAN CALDWELL**                                    **PLAINTIFF**

VS.                          CIVIL ACTION NUMBER 3:10CV651DPJ-FKB

**WAL-MART STORES, INC.**                                    **DEFENDANT**

## COMPLAINT

## JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, Barbara Jean Caldwell, by and through the undersigned counsel of record, and, pursuant to the Federal Rules of Civil Procedure, files this civil action against Defendant, Wal-Mart Stores, Inc.

And, for causes of action against this Defendant, Plaintiff Caldwell would show unto this Court the following:

## PARTIES

1.  Plaintiff Barbara Jean Caldwell is an adult resident citizens of Rankin County, Mississippi. She resides at 2018 Cross Pointe Circle, Pearl, Mississippi 39208.

2.  Defendant Wal-Mart Stores, Inc. is a nonresident foreign corporation doing business in Mississippi and incorporated in Arkansas and having its principle place of business and/or executive offices in the State of Arkansas. This defendant may be served with process by serving its Mississippi registered agent, C T Corporation System, 645 Lakeland Drive East, Suite 101, Flowood, Mississippi 39232.

## JURISDICTION AND VENUE

3.  This civil action arises out of the negligent acts and omissions of the

Defendant which were committed in whole or in part in the State of Mississippi against residents of the State of Mississippi. This Court has jurisdiction over the parties. As the amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

4. Venue is proper in the United State District Court of the Southern District of Mississippi, Jackson Division, since the Plaintiff is a citizen of Rankin County, Mississippi, and the Defendant is a corporation incorporated in the state of Arkansas with its principal place of business in the state of Arkansas.

## FACTS

5. On or about May 15, 2008, Plaintiff Barbara Jean Caldwell, along with her adult daughter (Dendra Caldwell Porter) and grandchildren were shopping for groceries and household supplies in the Wal-Mart store located at 5520 Highway 80 East in Pearl, Mississippi 39208. While walking in the vicinity of a cooler containing meat, Barbara Jean Caldwell fell. After falling, Barbara Jean Caldwell noticed a large amount of water on the floor. Barbara Jean Caldwell's daughter and grandchildren witnessed her fall, as well as a Wal-Mart employee who was stocking shelves. It was subsequently determined by a Wal-Mart employee that the meat cooler was leaking a significant amount of water. Apparently this large amount of water had leaked on the floor previously to the knowledge of Wal-Mart and the Wal-Mart employees. Other customers came to Ms. Caldwell's aid after she fell. A security guard saw Barbara Jean Caldwell on the floor after she fell.

6. A Wal-Mart manager completed an incident report and referenced a large amount of water on the floor. The manager directed a young African-American Wal-

Mart employee to put up a yellow wet water sign.

7. At all times pertinent, Defendant owned, possessed, controlled, and/or managed and/or possessed the right to control, operate and/or manage the Wal-Mart Store located at 5520 Highway 80 East in Pearl, Mississippi 39208.

8. At such time, Defendant failed to fulfill its duty to use reasonable care and to take adequate and reasonable safety measures to protect patrons from foreseeable harm and danger, including the injury sustained by the Plaintiff.

9. The Defendant, at all times relevant hereto, failed to provide reasonable and adequate warnings to the Plaintiff and patrons in the store despite their knowledge, actual or otherwise about the possible dangers existing there.

10. The Defendant owed a duty to the Plaintiff to provide a safe and well-maintained product display and premises and to warn of known dangers, to hire adequately trained employees and agents, to manage and maintain the safety of the product displays in the store.

11. As a result of the failure of the Defendant to properly maintain the product cooler and/or surrounding premises and/or warn against known dangers, Plaintiff Barbara Jean Caldwell sustained serious injuries and severe injuries to her person.

## CAUSES OF ACTION

### I.
### FAILURE TO PROVIDE REASONABLY SAFE PREMISES
### AND FAILURE TO PROVIDE SAFE PRODUCT DISPLAY

12. Plaintiff adopts by reference the foregoing paragraphs.

13. At the time of this incident Plaintiff alleges that she was an invitee and, as

such, the Defendant generally owed Plaintiff a duty of reasonable care to the Plaintiff, and more specifically for the defective product display and such necessary incidental areas substantially under their control and which Defendant invited the public for use.

14. Defendant owed to the Plaintiff an ordinary duty of care specifically, the duty to provide reasonably safe premises and produce safety measures for her safety and all others in the premises from foreseeable harm.

15. Defendant breached said duty owed to the Plaintiff and was negligent by failing to provide a safe premises and adequate product display, by failing to warn the Plaintiff of the foreseeable harm she suffered, and by failing to reasonably inspect and make safe the premises from the foreseeable harm suffered by the Plaintiff. Despite its knowledge of these conditions, Defendant did nothing to remedy or warn of these unsafe conditions and inadequacies.

16. Other contributing and/or proximate factors or causes of the injury of the Plaintiff were the lack of competent safety measures at this Wal-Mart Store.

17. At the time of the incident, Defendant failed to fulfill its duty of ordinary, reasonable care to make the premises reasonably safe, including failure to take reasonable safety precautions or measures to maintain the Plaintiff's safety and to take other such reasonable safety precautions or measures to protect patrons from foreseeable harm and danger, including the harm suffered by the Plaintiff.

## II.
## DAMAGES

18. Plaintiff adopts and incorporates herein by reference the foregoing paragraphs.

19.     As a direct and proximate result of the Defendant's negligent acts and/or omissions, Barbara Jean Caldwell suffered significant life-altering changes, including but not limited to, the following:

    a.  Past, present and future pain and suffering, both physical and mental;

    b.  Past, present and future anxiety and depression;

    c.  Past, present and future medical expenses and healthcare costs;

    d.  Permanent physical impairment and disability; and,

    e.  All other damages allowed by the laws of the State of Mississippi.

20.     The sole or contributing proximate cause of the aforesaid damages and injuries of Plaintiff Barbara Jean Caldwell are one or more of the aforementioned violations, breaches, acts and/or omissions of the Defendant.

21.     Because Defendant's actions constituted willful, reckless or grossly negligent conduct, Plaintiff is entitled to an award of punitive damages.

**WHEREFORE,** Plaintiff Barbara Jean Caldwell demands a judgment against Defendant in an amount sufficient to fully compensate her for damages incurred as a result of Defendant's conduct, as well as punitive damages, costs, attorney's fees and any other relief to which she is entitled.

Respectfully submitted this the ___9th___ day of November, 2010.

BARBARA JEAN CALDWELL

BY: /s/ Pieter Teeuwissen
ANTHONY R. SIMON
PIETER TEEUWISSEN


ANTHONY R. SIMON (MSB #10009)
621 Northside Drive
Jackson, Mississippi 39206
Post Office Box 749
Jackson, Mississippi 39205
anthonysimonpllc@att.net
Telephone: 601.362-8400


PIETER TEEUWISSEN (MSB #8777)
Post Office Box 16787
Jackson, Mississippi 39236
adwoodard@bellsouth.net
Telephone: 601.420.1188