UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

BARBARA JEAN CALDWELL                                                      PLAINTIFF

VS.                                                    CIVIL ACTION NO. 3:10-cv-651-DPJ-FKB

WAL-MART STORES EAST, LP                                            DEFENDANT

ORDER

This slip-and-fall case is before the Court on Defendant's Motion to Strike [46] and Motion in Limine [47]. Having considered the parties' submissions, arguments during the pretrial conference, and follow-up arguments during a telephonic status conference, the Court is prepared to rule on portions of the motions.

I.      Motion to Strike Experts [46]

Plaintiff designated her treating physicians as experts and stated that they would testify consistent with their medical records, but she failed to comply with Local Uniform Civil Rule 26(a)(2)(d), which requires disclosure of "the subject matter on which the witness is expected to present evidence under Fed. R. Evid. 702, 703 or 705, and a summary of the facts and opinions to which the witness is expected to testify." *See Tillman v. S. Wood Preserving of Hattiesburg, Inc.*, Civ. Action No. 2:07cv170-KS-MTP, 2008 WL 4066917, at *1 (S.D. Miss. Aug. 27. 2008). That said, Defendant violated Local Rule 26(a)(3), which states that "[c]hallenges as to inadequate disclosure of expert witness(es) must be made no later than thirty days before the discovery deadline or will be deemed waived." Because Defendant waived objection, Plaintiff's treating physicians may offer expert testimony consistent with, and limited by, the medical records and bills referenced in the disclosures.

II. Defendant's Motion in Limine [47]

A. Standard

Wal-Mart filed an omnibus motion in limine. The Fifth Circuit summarized the applicable standard as follows:

> A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (citation and quotation omitted).

B. Issues

Some of the issues addressed in the motion will be taken under advisement. Others are addressed below.

1. Lost Wages/Loss of Earning Capacity

Defendant argues that Plaintiff failed to provide sufficient evidence supporting the lost wage claim. This portion of the motion is taken under advisement.

2. Medical Records and/or Bills; Computation of Damages

Plaintiff failed to provide a computation of damages as required Federal Rule of Civil Procedure 26(a)(2)(1)(A)(iii) and has never provided medical records. A failure to disclose is sanctionable under Rule 37(c), but Uniform Local Rule 26(a)(3) also states as follows:

> If a party fails to make a disclosure required by this section, any other party must move to compel disclosure and for appropriate sanctions under FED. R. CIV. P. 37(a). The failure to take immediate action and seek court intervention when a known fact disclosure violation other than as to expert witnesses occurs will be

considered by the court in determining the appropriate sanctions to be imposed regarding a subsequent motion filed under FED. R. CIV. P. 37(c).

In the present case, Defendant has known since March 2011 that Plaintiff's initial disclosures were inadequate and yet waited until February 2012 to raise the issues in its Motion in Limine [47]. In addition, it appears that Defendant is already in possession of the medical records through its own efforts. While such efforts do not eliminate Plaintiff's obligations, they diminish prejudice. As a result, the motion is denied, but Defendant is entitled to Plaintiff's computation and the records upon which Plaintiff will rely. Therefore, Plaintiff is ordered to supplement her disclosures, provide a computation of damages, and produce medical records by May 18, 2012.

3. Opinions by Health Care Providers

This portion of the motion tracks Wal-Mart's Motion to Strike [46] and is decided consistent with that portion of the Order.

4. Meat Bunker

Defendant moved to exclude evidence and argument that a certain meat bunker was "defective, faulty, dangerous or unreasonably dangerous, or improperly maintained on the grounds that any such evidence would be speculative, without foundation, unduly prejudicial, invade the province of the jury, and have a tendency to confuse the issues and mislead the jury." Plaintiff never responded to this portion of the motion and informed the Court during the status conference that it is not opposed.[1]

---

[1] As noted later, this concession seems inconsistent with Plaintiff's position regarding the potential testimony of Jeremy Guyton. Accordingly, the issue will be revisited before trial to avoid confusion.

3

5. Other Incidents

Wal-Mart's motion to exclude evidence regarding other incidents and litigation is granted as unopposed.

6. Wal-Mart's Net Worth

Wal-Mart's motion to exclude evidence regarding its net worth, success, and community interaction is granted as unopposed.

7. Subsequent Remedial Measures

Wal-Mart's motion to exclude evidence regarding subsequent remedial measures is granted as unopposed

8. Liability Insurance

Wal-Mart's motion to exclude evidence regarding its liability insurance is granted pursuant to Rules 402, 403 and 411 of the Federal Rules of Evidence.

9. Jeremy Guyton

Jeremy Guyton is a former Wal-Mart employee who provided a post-discovery affidavit critical of the store. Wal-Mart seeks to exclude Guyton's testimony stating that it has been unable to locate and depose the witness. As an initial matter, Wal-Mart informed the Court during the status conference that it listed Guyton in its initial disclosures. But it was not until after the close of discovery that Caldwell produced an affidavit from Guyton and expressed her intent to call him as a witness. Under these circumstances, the Court will allow the witness to testify but grants Wal-Mart an opportunity to interview or depose him before he testifies at trial.

Wal-mart alternatively seeks an order limiting Guyton's testimony—as anticipated by his affidavit. Portions of the motion are granted, such as (1) speculative testimony as to what

"everyone" at the store knew, (2) testimony that Wal-Mart was at fault because it invades the province of the jury, and (3) testimony that Wal-Mart always sought "the cheapest way" to solve problems because Plaintiff has not explained how the testimony survives Rule 403. But a number of the disputed statements relate to the condition of the meat bunker, and Plaintiff stated during the status conference that she does seek to offer this testimony. This leaves the Court wondering what Plaintiff conceded as to Issue No. 4. Out of caution, the Court will revisit this issue with counsel before trial to make sure the parties and the Court are on the same page regarding the scope of Issue No. 4.

      10.     Unidentified Witness

According to Wal-Mart, Plaintiff testified that a male Wal-Mart associate told her water was present before her fall but she was unable to identify the person and admitted that he did not tell her when he saw the water. Plaintiff did not directly address this portion of the motion and informed the Court during the status conference that she was not opposed except as to another potential witness named Morio Neal.[2] Other than Neal, the motion is granted. As to Neal, Plaintiff is ordered to file a response to Defendant's motion no later than 5:00 p.m. on May 15, 2012. Defendant's reply is due by May 18, 2012.

      11.     Bifurcation

Wal-Mart's motion to bifurcate is granted.

---

[2] Neal's potential testimony is the subject of Defendant's Supplemental Motion in Limine [53].

III.	Conclusion

Defendant's Motion to Strike [46] is Denied.  Defendant's Motion in Limine [47] is granted in part, denied in part, and otherwise taken under advisement.

**SO ORDERED AND ADJUDGED** this the 14th day of May, 2012.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE